UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHEILA DIANE BANDY, | |
| Plaintiff, | CASE NO. 2:26-CV-1182-DWC |
| v. | ORDER DENYING MOTION TO REMAND |
| US BANK NATIONAL ASSOCIATION ND, et al., | |
| Defendant. | |

Presently before the Court is Plaintiff Sheila Diane Bandy's Motion to Remand. Dkt. 10. The Court concludes the amount in controversy exceeds $75,000. Therefore, the Motion to Remand (Dkt. 10) is denied.

## I.    Background

Plaintiff filed the instant action in King County Superior Court – a Washington State court – on February 18, 2026. Dkt. 1-1. The action arises from Defendants U.S. Bank National Association and U.S. Bank Trust Company National Association ("U.S. Bank") issuance of a deed of trust to non-party Gary Moen. *See* Dkt. 1-1. Plaintiff contends Mr. Moen obtained a loan with a principal maximum amount of $100,000 in 2007 ("the Loan") from U.S. Bank. *Id*. at ¶ 11.

ORDER DENYING MOTION TO REMAND - 1

Plaintiff asserts Mr. Moen had no interest in the real property U.S. Bank used to guarantee the deed of trust and therefore the deed of trust is null and void. Dkt. 1-1. Plaintiff contends she is the personal representative of the estate of Marcia D. Moen, who was the sole legal owner of the property used to secure the deed of trust. *Id*. In the Complaint, Plaintiff alleges claims of negligence and a violation of the consumer protection act ("CPA"). *Id*. She also seeks declaratory related to the deed of trust and injunctive relief to stop the sale of the real property used to guarantee the deed of trust. *Id*.

On April 8, 2026, U.S. Bank removed this action to this Court under a theory of diversity jurisdiction. Dkt. 1. Plaintiff filed the Motion to Remand on May 6, 2026, with supporting evidence. Dkt. 10. U.S. Bank filed its Response to the Motion to Remand, with supporting evidence, on May 27, 2026. Dkt. 15. Plaintiff filed her reply on June 22, 2026. Dkt. 16.

## II.    Proposed Amended Complaint

Plaintiff attached an amended complaint to the Motion to Remand. Dkt. 10-1. In the Motion to Remand, Plaintiff bases the amount in controversy on the allegations contained in the amended complaint. *See* Dkt. 10. However, the amended complaint has not been properly filed with the Court as the operative complaint; it was merely filed as an attachment to the Motion to Remand. Therefore, the operative complaint is the Complaint (Dkt. 1-1) and the Court declines to consider the allegations in the amended complaint when ruling on the Motion to Remand.

## III.    Discussion

A. *Standard of Review*

When a case is filed in state court, removal is proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). It is presumed, however, "'that a

ORDER DENYING MOTION TO REMAND - 2

cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir.2009) (quoting *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 684 (9th Cir.2006) (*per curiam*) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994)) (alterations in original). This Court must order remand if there is any defect which causes federal jurisdiction to fail. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Id.* at 567; *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403–04 (9th Cir.1996). However, this Court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.,* 743 F.2d 1341, 1343 (9th Cir.1984), *abrogated in part on other grounds, Southern Cal. IBEW–NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 n. 6 (9th Cir. 2001).

       B.  *Diversity Jurisdiction – Amount in Controversy*

Plaintiff argues only that U.S. Bank has failed to demonstrate the requisite amount in controversy for diversity jurisdiction in this Court. Dkt. 10. "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.,*

ORDER DENYING MOTION TO REMAND - 3

319 F.3d 1089, 1090 (9th Cir.2003). Conclusory allegations by a defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Rodgers,* at 1178; *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 375 (9th Cir.1997). Instead, this Court may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy. *Kroske v. U.S. BankCorp.,* 432 F.3d 976, 980 (9th Cir.2005); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). The amount in controversy includes actual damages, punitive damages, and attorney's fees authorized by contract or statute. *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.2001); *Kroske,* 432 F.3d at 980.

While the amount in controversy is usually established at the time of removal, *Matheson,* 319 F.3d at 1090, it can be based on an amended complaint. In *Royal Canin U. S. A., Inc. v. Wullschleger*, the Supreme Court explained the plaintiff is "'the master of the complaint,' and therefore controls much about [their] suit." 604 U.S. 22, 35 (2025) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). The plaintiff "gets to determine which substantive claims to bring against which defendants[,]" and in so doing, "can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Id.* "[C]hanges in parties, or changes in claims, effectively remake the suit. And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction." *Id.* at 35–36.

Although the Court in *Royal Canin* recognized that "an amendment reducing the alleged amount-in-controversy...will *usually* not destroy diversity jurisdiction," this is not the usual case. *Id.* at 38 n.8 (emphasis added). The Court noted that reducing the amount in controversy where there was a changed "fact on the ground" that affected the value of the suit would not typically destroy diversity. *Id.* The Court concluded that it has "never held such a concern to limit the

effect of the plaintiff's decision, as the master of her complaint, to add or subtract claims or parties." *Id.*

Here, while Plaintiff attached an amended complaint to her Motion to Remand, she did not properly file an amended complaint and the operative complaint is the Complaint filed at the initiation of this lawsuit. Dkt. 1-1; *see also* Dkt. 10-1. Plaintiff does not assert, nor does the Court find, the amount in controversy in the Complaint is less than $75,000. *See* Dkt. 10; *see also* Dkt. 1-1. Therefore, the Motion to Remand (Dkt. 10) is denied.

Even if the Court considered the amended complaint as the operative complaint, the Court finds the amount in controversy exceeds $75,000. In this case, the amended complaint would be the operative complaint to determine the amount in controversy because Plaintiff amended her complaint to remove many of the claims for damages. *See* Dkt. 10-1. As Plaintiff removed claims to reduce the amount of damages, *Royal Canin*'s broader rule recognizing a plaintiff's ability to remake her suit would control.

In the amended complaint, Plaintiff alleges the current indebtedness claimed by U.S. Bank is $66,998.39, excluding interest and costs. Dkt. 10-1 at ¶ 19. Plaintiff also seeks reasonable attorney fees, which she estimates will total $5,000. *Id*. at ¶ 27; Dkt. 10-3, Sorenson Dec. Thus, Plaintiff is asserting the amount in controversy is approximately $72,000. U.S. Bank has provided a declaration stating the amount owed on the loan as of May 19, 2026 is $76,312.03. Dkt. 15-1, Reesman Dec., ¶6; *see also* Dkt. 15-2. U.S. Bank also provided evidence that the property market value is $530,000. *See* Dkt. 15-2. Thus, U.S. Bank asserts the amount in controversy exceeds $75,000.

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002)

ORDER DENYING MOTION TO REMAND - 5

(internal citations omitted). In the amended complaint, the object of the litigation in this action is either the deed of trust or the subject property because Plaintiff seeks an order declaring the deed of trust null and void and a permanent injunction preventing U.S. Bank from proceeding with a foreclosure sale. *See Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.").

To measure the value of the loan for jurisdictional purposes, the Ninth Circuit has held that the amount in controversy requirement is met where "the whole purpose of [the] action is to foreclose the Bank from selling [the property] in the manner contemplated," and the market value and the outstanding interest on the property exceeds the jurisdictional limit. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). Courts have also held that "in actions seeking to enjoin residential foreclosures the amount in controversy may be based on the outstanding amount of the loan or the value of the property." *Mouri v. Bank of N.Y. Mellon*, 2014 WL 12577164 (C.D. Cal. Dec. 9, 2014). Because there is evidence the outstanding loan exceeds $75,000 and the property value exceeds $75,000, the Court finds a preponderance of the evidence shows the amount in controversy alleged in the unfiled amended complaint would likely exceed $75,000. The Court also notes that Plaintiff's attorney appears to have undervalued the amount of attorney's fees if this case were to proceed to trial. For these reasons, the Court finds that, even if the amended complaint is properly filed, the amount in controversy will likely still exceed $75,000.

ORDER DENYING MOTION TO REMAND - 6

**IV.    Conclusion**

For the above stated reasons, the Court finds U.S. Bank has met its burden to establish the amount in controversy exceeds $75,000. Therefore, the Motion to Remand (Dkt. 10) is denied.

Dated this 7th day of July, 2026.

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION TO REMAND - 7